UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RADICA SHIWPAUL and XZAVIER SHIWPAUL, Individually and on behalf of all other persons similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AL-BORO SECURITY, INC. D/B/A ALBORO NATIONAL SECURITY,<br><br>　　　　　　　Defendant. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Radica Shiwpaul and Xzavier Shiwpaul ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby allege through their attorneys, Lipsky Lowe LLP, as against Defendant Al-Boro Security, Inc. d/b/a Alboro National Security as follows:

NATURE OF THE ACTION

1. Plaintiff Radica worked as a security officer for Defendant from late 2016 to July 25, 2023.

2. Plaintiff Xzavier worked as a security officer for Defendant from June 2018 to January 7, 2022.

3. Plaintiffs assert, on their behalf and other similarly situated current and former employees of Defendant under Fed. R. Civ. P. 23 (a) and (b), New York Labor Law claims for unpaid overtime and untimely payment of wages.

4. Plaintiffs assert on their behalf and other similarly situated current and former employees of Defendant and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendant willfully violated the FLSA by failing to pay overtime premium pay.

-1-

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state laws claim under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' FLSA claim under 29 U.S.C. § 216(b).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1)-(2).

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Radica is, at all relevant times, an adult individual, residing in Bronx, New York.

9. Plaintiff Xzavier is, at all relevant times, an adult individual, residing in Bronx, New York.

10. Defendant is a domestic business corporation that is organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York.

11. Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its

employees have handled, including security equipment, flashlights, cameras, and alarm systems.

12. Defendant, either directly or indirectly, has hired Plaintiffs and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

13. At any given time, Defendant has and has had at least 100 employees.

## STATEMENT OF FACTS

Background[1]

14. Defendant describes itself as a security and investigative services company providing security services throughout New York City, with its principal place of business located at 3602 East Tremont Avenue, Suite 203, Bronx, New York 10465.

15. Defendant employed Plaintiff Radica as a security officer from late 2016 to July 25, 2023 throughout New York City.

16. Defendant employed Plaintiff Xzavier as a security officer for Defendant from June 2018 to January 7, 2022 throughout New York City.

Job Duties

17. As security officers, Plaintiffs' primary duties included regularly inspecting and patrolling the premises, monitoring property entrance, and maintaining the security of the property she was assigned to, performance of which required the ability to work on their feet for at least 8 hours per day, of shifts ranging from 8 to 16 hours.

---

[1] Headers are for organizational purposes only.

18. Plaintiffs, in performing these duties, spent more than 25% of their time performing physical labor.

19. Plaintiffs worked with at least 100 other employees at any one time who, like them, spent more than 25% of their time doing physical labor. Plaintiffs know this from personal observations and conversations with these other workers.

Hours Worked and Compensation Policies

20. From late 2016 to April 2020, Plaintiff Radica generally worked 5 to 7 days, working 16 hour shifts and between 80 to 112 hours per week.

21. From April 2020 to July 25, 2023, Plaintiff Radica generally worked 3 to 5 days, working between 8 to 16 hours per day and from 24 to 80 hours per week.

22. Defendant paid Plaintiff Radica the following hourly rates: from 2016 to 2017, $11.00 per hour; from 2017 to 2019, $13 per hour; and in 2019 to 2023, $15 per hour.

23. From June 2018 to September 6, 2018, Plaintiff Xzavier generally worked 4 days per week, working two 16 hour shifts and two 8 hour shifts, working at least 48 hours per week.

24. From September 7, 2018 to February 2019, Plaintiff Xzavier generally worked 3 days per week, working two 8 hour shifts and one 16 hour shift, working at least 32 hours per week.

25. From February 2019 to January 7, 2022, Plaintiff Xzavier generally worked 4 days per week, working two 16 hour shifts and two 8 hour shifts, working at least 48 hours per week.

26. Defendant paid Plaintiff Xzavier the following hourly rates: from 2018 to 2019, $13 per hour; and in 2019 to 2022, $15 per hour.

27. Defendant paid Plaintiffs these hourly rates for all hours worked, regardless of the number of hours they worked – including when they worked more than 40 hours.

28. Although Plaintiffs regularly worked more than 40 hours in a week, Defendant failed to pay them overtime premium pay for the hours they worked over 40 in any given week.

29. Plaintiffs would regularly complain to Defendant about its failure to pay them any overtime premium pay. Defendant consistently dismissed their complaints, telling them that it cannot pay them overtime premium pay because they cannot "double dip," which is incorrect.

30. From personally observing and speaking with them, Plaintiffs know that her coworkers performed the same duties as them, were compensated in the same manner, and worked similar hours as they did.

Untimely Wage Claim

31. It is Defendant's policy to pay its security officers and other manual workers every 14 days, not every week.

32. Defendant paid Plaintiffs their regular wages every 14 days, not every week.

33. Defendant failed to pay Plaintiffs the regular wages that they earned in a particular workweek on the regular payday for the period in which such workweek ended.

34. In paying them every 14 days, Defendant did not pay Plaintiffs for the first week they worked within each pay period within seven days.

35. Defendant has not been authorized by the New York Commissioner of Labor to pay its manual workers and security officers less frequently than weekly pursuant to the N.Y. Lab. Law § 191(1)(a).

36. Plaintiffs know, from speaking with them, that other security officers and manual workers were, like them, paid their regular wages every 14 days, not every week.

37. Plaintiffs are financially sensitive, depending upon each paycheck.

38. By delaying payment to Plaintiffs, they were underpaid for the work they performed; they are deprived of money that they are owed and need; the value of the money, when eventually paid, is less than it would have been if they are timely paid; and they are not able to purchase everything they would have purchased if timely paid.

## CLASS ALLEGATIONS

39. Plaintiffs assert these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

40. Plaintiffs brings their Labor Law claims on behalf of all persons whom Defendant is employing and has employed since September 11, 2017 in New York who are employed or were employed as security officers or comparable positions (the "Class Members").

41. The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Defendant's sole control, upon information and belief, the size of the Class exceeds 100 individuals.

42. Plaintiffs' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

43. Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

44. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

45. Plaintiffs have the same interest in this matter as all other Class Members and Plaintiffs' claims are typical of theirs.

46. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

   a. whether Defendant employed Plaintiffs and the Class Members within the meaning of the Labor Law;

   b. whether the Class Members are manual laborers and non-exempt employees within the meaning of the Labor Law;

   c. where Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

   d. what proof of hours worked is sufficient where employers fail in its duty to maintain records;

   e. whether Defendant failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

f.  whether Defendant violated the Labor Law by paying the Class Members their regular wages every 14 days;

g.  whether Defendant is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

h.  whether Defendant should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

47. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendant employs and has employed who are security officers and other comparable positions at any time since September 11, 2020 (the "Collective Action Members").

48. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.  whether Defendant employed the Collective Action Members within the meaning of the FLSA;

b.  whether the Collective Action Members performed similar duties;

c.  whether Defendant failed to keep true and accurate time records for all hours Plaintiff and the Collective Action Members worked;

d.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

e.  whether Defendant willfully or recklessly violated the FLSA;

      f.    whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder;

      g.    whether Defendant should be enjoined from such violations of the FLSA in the future; and

      h.    whether the statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

FIRST CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiffs and the Class Members)

49.    Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

50.    Defendant is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiffs and the Class Members.

51.    Plaintiffs and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

52.    As manual workers, Defendant was required to pay Plaintiffs and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

53.    With Defendant paying Plaintiffs and the Class Members their regular wages every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week in which their wages were earned, violating N.Y. Lab. Law § 191(1)(a)(i).

54. For violating N.Y. Lab. Law § 191(1)(a)(i), Defendant is liable to Plaintiffs and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiffs and the Class Action Members)

55. Plaintiffs reallege every preceding allegation as if set forth fully herein.

56. Under the Labor Law and supporting New York State Department of Labor regulations, Defendant was required to pay Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

57. Defendants failed to pay them the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

58. In failing to compensate Plaintiffs and the Class Members for all compensable hours worked, Defendant violated the Labor Law and the regulations thereunder, 12 N.Y.C.R.R. §§ 142-2.2.

59. Due to Defendant's Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### FLSA – FAILURE TO PAY OVERTIME PREMIUM PAY
(Brought on Behalf of Plaintiffs and the Collective Action Members)

60. Plaintiffs repeat every allegation of the preceding paragraphs as if fully set forth herein.

61. Plaintiffs, through their counsel, consent to be a party to this action under 29 U.S.C. §216(b).

62. At all relevant times, Defendant employed, and/or continue to employ, Plaintiffs and the Collective Action Members within the meaning of the FLSA.

63. Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64. Defendant was required to pay Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. Defendant failed to pay Plaintiffs and the Collective Action Members 1.5 times their regular rate of pay for all hours worked over 40 per week.

66. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

67. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the Collective Action Members' compensation.

68. Defendant has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

69. In failing to properly compensate Plaintiffs and the Collective Action Members for all compensable hours worked, Defendant violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

70. Due to Defendant's violations of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover from Defendant their unpaid overtime wages, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Rule 23 Class Members and appointing Plaintiffs and their counsel to represent the Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all putative Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    e. An award for unpaid overtime premium pay under the FLSA and the Labor Law;

    f. An award of liquidated damages under the FLSA and the Labor Law;

    g. An award of prejudgment and post-judgment interest;

    h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   September 11, 2023

            LIPSKY LOWE LLP

            s/ Douglas B. Lipsky
            Douglas B. Lipsky
            Bayron Flores-Tapia
            420 Lexington Avenue, Suite 1830
            New York, New York 10017-6705
            212.392.4772
            doug@lipskylowe.com
            bayron@lipskylowe.com
            *Attorney for Plaintiffs*